ATTORNEY DISCIPLINARY PROCEEDINGS
liPER CURIAM. *
This case arises from a petition for consent discipline filed by respondent, Patrick Leitz. Respondent has stipulated to failing to supervise his law partner’s activities regarding the law firm’s trust account, which resulted in his partner’s conversion of funds belonging to third party medical providers. Additionally, respondent acknowledges that he failed to communicate with a client. As a sanction, *836 respondent seeks a sixty day suspension from the practice of law.
UNDERLYING FACTS
The underlying facts are not in dispute. Respondent and John T. Holmes[1] were partners in the law firm of Leitz, Kurzweg, and Holmes. Holmes was responsible for disbursements from the law firm’s trust account.
In two separate instances occurring in 1992 and 1993, respondent obtained settlements on behalf of clients. The funds were placed in the firm’s trust account, and clients were paid their share of the settlements. Although Holmes deducted medical expenses in the amount of $2,000 and $4,351 respectively from the settlements, he failed to pay the third party medical providers. Holmes eventually disbursed these funds through the law firm’s operating account, apparently without respondent’s knowledge. When respondent learned of Holmes’ failure to remit the funds to the third party providers, respondent made restitution to them. However, respondent admitted he failed to report Holmes’ misconduct, as required by Rule 8.3 [2] of the Rules of | 2Professional Conduct. Additionally, he stipulated that he failed to properly supervise Holmes and the law firm’s trust account.
In an unrelated matter, respondent was hired by a client in connection with divorce, child support and community property proceedings. Although respondent completed both the divorce and support matters, he failed to communicate with his client regarding the community property matter, thus causing a delay in her case. Respondent acknowledged that his conduct violated Rules 1.3 [3] and 1.4[4] of the Rules of Professional Conduct.
DISCIPLINARY PROCEEDINGS
Prior to the filing of formal charges, respondent filed a petition for consent discipline in which he admitted to the misconduct and proposed that he be suspended from the practice of law for a period of sixty days. The Office of Disciplinary Counsel (“ODC”) concurred in the petition for consent discipline, and the matter was submitted to the disciplinary board pursuant to Supreme Court Rule XIX, § 20.
Subsequently, the disciplinary board recommended that the consent discipline be adopted. While the board recognized no clients were injured by respondent’s conduct, it found the third party providers were deprived of funds for a long period of time, and found there was an “enormous potential for injury” resulting from the improper supervision of the law firm’s trust account. As aggravating factors, the board found the victims of the misconduct were vulnerable, and noted respondent had substantial experience in the practice of law. However, as mitigating factors, the board found that respondent had no prior disciplinary record and did not have a selfish motive. It further recognized that respondent made restitution, cooperated in the disciplinary investigation, and expressed remorse. Based on these considerations, the board concluded the proposed consent | -¡discipline was appropriate and consistent with other cases from this court involving similar facts.[5] Accordingly, the board recommended respondent be suspended from the practice of law for a period of sixty days.
*837 Neither respondent nor the ODC have filed objections in this court to the disciplinary board’s recommendation.
DISCUSSION
As the disciplinary board recognized, no clients were deprived of funds by respondent’s actions. However, respondent admitted that he failed to supervise Holmes or the law firm’s trust account, thus permitting Holmes to convert third party funds by placing these funds in the firm’s operating account. While respondent eventually made restitution to these third parties, they were deprived of their funds for a protracted period of time. Under these circumstances, and considering the prior jurisprudence of this court, the proposed suspension of sixty days is appropriate.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record herein, it is the decision of this court that respondent, Patrick Leitz, be suspended from the practice of law for a period of sixty days. All costs of this proceeding are assessed against respondent, with legal interest to commence running thirty days from the date of the finality of this judgment until paid.

Traylor, J. not on panel. Rule IV, Part II, § 3.

. Holmes filed a separate petition for consent discipline for conduct arising out of this matter, which is pending before this court in 98-B-3008.

. Rule 8.3(a) provides:
A lawyer possessing unprivileged knowledge of a violation of this code shall report such knowledge to a. tribunal or other authority empowered to investigate or act upon such violation.

. Rule 1.3 provides:
A lawyer shall act with reasonable diligence and promptness in representing a client.

. Rule 1.4(a) provides:
A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information,

. The board cited In re Broome, 615 So.2d 1333 (La.1993) (three month suspension imposed on lawyer for failure to supervise), and Louisiana State Bar Ass’n v. Keys, 567 So.2d 588 (La.1990) (30 day suspension imposed on lawyer for failure to supervise).