*1221 ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.
This matter arises from reciprocal disciplinary proceedings filed by the Office of Disciplinary Counsel (“ODC”) pursuant to Supreme Court Rule XIX, § 21[1] against respondent, Dennis F. Nalick, an attorney licensed to practice law in the States of Louisiana, Illinois and Missouri, based on discipline imposed by the Supreme Court of Illinois.
UNDERLYING FACTS
The Illinois proceeding was based on a petition for consent discipline filed by respondent. Respondent stipulated that, upon settling a minor client’s case in 1983, he failed to comply with a specific court order and disciplinary rules requiring him to deposit the minor client’s settlement proceeds ($3,835) into a restricted account. Instead, he placed the funds in his general escrow account. During the twelve years that the funds were to be held, the account’s balance fell below this amount on occasion and, in fact, was overdrawn. The conversion was discovered in March of |21996 when the minor reached majority and requested the funds. Respondent provided full restitution with interest prior to the matter being reported to the Illinois Attorney Registration and Disciplinary Commission.
In 1997, respondent filed a petition for consent discipline, in which he admitted to conversion of client funds, breach of fiduciary duty, failure to maintain and safeguard funds belonging to a client or third party, failure to properly deliver funds to a client or third party and conduct which defeats the administration of justice or which brings the legal profession into disrepute. Because the records of the account from 1983 and 1984 were not available, the reason for the conversion of the funds could not be determined. Respondent admitted that due to his failure to conduct periodic audits to review and reconcile his client trust account, or contemporaneously discuss the matter with his office staff, he was unaware the funds had not been distributed and the restricted account had not been established. While respondent conceded this carelessness did not excuse his conduct, he asserted it could be considered as a mitigating factor. For his misconduct, respondent proposed he be suspended for a period of one year, with all but thirty days deferred.
By unpublished order dated January 12, 1998, the Supreme Court of Illinois accepted the consent discipline and imposed a one year suspension, with all but thirty days deferred and probation with the conditions that respondent: submit to an audit of his client trust account prior to termination of probation, abide by the Illinois professional rules, cooperate with the disciplinary authority, attend scheduled meetings with his probation^ officer, pay all disciplinary costs and expenses, complete an ethics and professional responsibility course and provide restitution.
| ^PROCEDURAL HISTORY
On October 20, 2000, the ODC filed a motion in this court to initiate reciprocal discipline based on the Illinois judgment. Attached to the motion was a certified copy of the order of the Supreme Court of *1222 Illinois dated January 12, 1998.[2] Pursuant to Supreme Court Rule XIX, § 21(B), respondent filed a timely response to the motion for reciprocal discipline maintaining imposition of identical discipline is unwarranted pursuant to Supreme Court Rule XIX, § 21(D).[3] .
DISCUSSION
From the record of the Illinois proceeding, it appears there was no evidence of |4a direct conversion of client funds by respondent.[4] The stipulated facts indicate respondent was unaware the conversion took place, due to his failure to conduct periodic audits to review and reconcile his client trust account, or discuss the matter with his office staff. Nonetheless, it is clear respondent bears the ultimate responsibility for the conversion due to his failure to supervise his office staff.
The discipline imposed by the Supreme Court of Illinois (a one year suspension with all but thirty days deferred) is consistent with the discipline which would have been imposed by this court under similar facts. See In re: Leitz, 98-3014 (La.1/8/99); 728 So.2d 835 (sixty day suspension imposed on attorney for failure to supervise law partner or law firm’s trust account, which permitted partner’s conversion of third party funds); Louisiana State Bar Ass’n v. Keys, 567 So.2d 588 (La.1990) (thirty day suspension imposed on attorney who failed to supervise secretary who used $42,400 in client trust funds for office operating expenses). Respondent has presented no evidence that imposition of this sanction in Louisiana would result in a grave injustice for purposes of Supreme Court Rule XIX, § 21. Therefore, we will impose reciprocal discipline.
DECREE
For the reasons assigned, it is ordered that respondent, Dennis F. Nalick, he suspended from the practice of law in Louisiana for a period of one year, with all but thirty days deferred, subject to a nine month period of probation. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of the finality of this court’s judgment until paid.

. Supreme Court Rule XIX, § 21(A) provides: A. Disciplinary Counsel Duty to Obtain Order of Discipline From Other Jurisdiction. Upon being disciplined by another state disciplinary agency, a lawyer admitted to practice in Louisiana shall promptly inform disciplinary counsel of the discipline. Upon notification from any source that a lawyer within the jurisdiction of the agency has been disciplined in another jurisdiction, disciplinary counsel shall obtain a certified copy of the disciplinary order and file it with the board and with the court.

. Also attached to the ODC’s motion was an order dated March 23, 1999 evidencing respondent has been suspended indefinitely from the practice of law in Missouri, on a reciprocal basis, stemming from the imposition of the Illinois discipline.

. Supreme Court Rule XIX, § 21(D) provides: D. Discipline to Be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice; or
(4) The misconduct established warrants substantially different discipline in this state.
If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.

. In his brief to this court, respondent indicates that the two paralegals employed by him in 1983 were signatories on his trust account. He implies that one of these paralegals, who suffered from a heroin addiction, converted the funds.