ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
| pursuant to Supreme Court Rule XIX, § 21(A), the Office of Disciplinary Counsel (“ODC”) filed this reciprocal discipline proceeding against respondent, Dennis F. Nalick, an attorney licensed to practice law in the States of Louisiana, Illinois, and Missouri, based upon discipline imposed by the Supreme Court of Missouri.[1]
UNDERLYING FACTS AND PROCEDURAL HISTORY
In October 1999, William and Martha Franklin retained respondent to pursue a claim against State Farm Insurance Company, their homeowners’ insurer, due to a fire that destroyed their home. State Farm eventually paid the Franklins approximately $34,000 for personal property/contents replacement. Thereafter, in February 2000, respondent prepared and filed a bankruptcy petition in the United States Bankruptcy Court for the Southern District of Illinois on behalf of the Frank-lins. Respondent falsely represented on the Franklins’ Schedule B that they had only $1,200 in personal property when, in fact, they had already received the $34,000 from State Farm. Respondent also failed to disclose the Franklins’ pending insurance claims with State Farm. Furthermore, at a March 2000 bankruptcy creditors’ meeting, | 2respondent did not correct his clients’ false statements to the bankruptcy trustee that they had received no insurance proceeds for replacement of personal property. However, at the conclusion of the meeting, the Franklins instructed respondent to dismiss their bankruptcy petition.[2] Despite indicating that he would, respondent failed to do so and did *350 not inform the Franklins of his neglect. Respondent also failed to respond to the trustee’s repeated requests for the Frank-lins’ insurance claim information. Nonetheless, in June 2000, the Franklins’ bankruptcy petition was granted and their debts discharged. In October 2000, the trustee filed a complaint to revoke the discharge due to the Franklins’ fraudulent concealment of their insurance proceeds. Respondent informed the Franklins that he would respond to the complaint on their behalf. However, he failed to do so until November 30, 2000, wherein he falsely stated that neither the Franklins nor the trustee had forwarded a copy of the complaint to him. In December 2000, the trustee filed a motion for sanctions against respondent. In April 2001, the bankruptcy court judge determined that respondent failed to file honest and accurate bankruptcy schedules in the Franklins’ case and failed to provide information requested by the trustee. As a result, the judge imposed sanctions in the amount of $7,800 and suspended respondent from practicing before the court.
Based on the above facts, the Supreme Court of Illinois suspended respondent’s license to practice law for one year, effective June 7, 2004. Based on the discipline imposed by Illinois, the Supreme Court of Missouri imposed reciprocal discipline upon respondent on April 10, 2006.
Thereafter, the Office of the Chief Disciplinary Counsel of the Supreme Court of Missouri notified the ODC of the April 10, 2006 order. The ODC then filed a 13motion to initiate reciprocal discipline in Louisiana, pursuant to Supreme Court Rule XIX, § 21. Attached to the motion was a certified copy of the order of the Supreme Court of Missouri filed April 10, 2006. On June 23, 2006, this court rendered an order giving respondent thirty days to raise any claim, predicated upon the grounds set forth in Supreme Court Rule XIX, § 21(D), that the imposition of identical discipline in Louisiana would be unwarranted and the reasons for that claim. Respondent filed a timely response, indicating he believes imposition of identical discipline in Louisiana would be unwarranted because the Franklins’ testimony at his disciplinary hearing in Illinois was suspect. He indicates that following his suspension in Illinois, the Franklins were indicted in federal court for their conduct in the bankruptcy proceeding and subsequently accepted plea agreements resulting in criminal contempt convictions and probation sentences. Respondent suggests that the outcome of the Illinois disciplinary proceeding would have been different if the Franklins’ criminal behavior had been considered during their testimony. Therefore, respondent requests that the court impose a more lenient sanction than was imposed in both Illinois and Missouri.
DISCUSSION
Respondent was suspended for one year for multiple violations of the Missouri Rules of Professional Conduct relating to his representation of the Franklins. Respondent’s conduct likewise constitutes a violation of the Louisiana Rules of Professional Conduct, warranting discipline in Louisiana.
In In re: Aulston, 05-1546 (La.1/13/06), 918 So.2d 461, we held that “only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction.” Based on our review of the record, we Iffind no extraordinary circumstances are present in this case which would compel a variance from the Missouri sanction.[3]
*351 Accordingly, we will impose reciprocal discipline pursuant to Supreme Court Rule XIX, § 21.
DECREE
Considering the motion for reciprocal discipline filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that Dennis F. Nalick, Louisiana Bar Roll number 14259, be suspended from the practice of law for one year.

. Respondent has previously been the subject of a reciprocal discipline proceeding based upon discipline imposed against him by the Supreme Court of Illinois. In In re: Nalick, 00-2891 (La.1/26/01), 777 So.2d 1220, we suspended respondent for one year, with all but thirty days deferred, for his failure to properly supervise his office staff, which resulted in the conversion of client funds.

. Presumably, the Franklins decided to dismiss their petition because the trustee requested their State Farm claim, policy, and agent information.

. We do not give much weight to respondent's argument that the Franklins’ criminal convic *351 tions, if known at the time, would have changed the outcome of the prior disciplinary proceedings. The record reflects that respondent’s responsibility for the false information provided to the bankruptcy court was equal to that of the Franklins.